Mendez v Federal 53 Inc.

2026 NY Slip Op 02454

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jeffrey Mendez, Plaintiff-Respondent,

v

Federal 53 Inc., Defendant-Appellant, John Doe etc., Defendant.

Decided and Entered: April 23, 2026

Index No. 800751/22|Appeal No. 6441-6441A|Case No. 2024-03696|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for appellant.

The Yankowitz Law Firm, P.C., Great Neck (Steven R. Widom of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about September 27, 2023, which denied defendant Federal 53 Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 14, 2026, brought up for review pursuant to CPLR 5517(b) by the appeal from the aforementioned order, which granted Federal 53's motion for leave to reargue and, upon reargument, adhered to the prior decision, unanimously dismissed, without costs, as academic.

Plaintiff alleges that he was injured when the detached front bumper of defendants' tow truck came into contact with his vehicle as he drove on a city roadway. Defendants moved for summary judgment dismissing the complaint, arguing that plaintiff was the sole proximate cause of the collision because his moving vehicle struck the tow truck as the latter was legally stopped and parked.

Initially, although Supreme Court's September 27, 2023 order denied defendants' joint motion for summary judgment dismissing the complaint in its entirety, only that portion of the motion pertaining to Federal 53 is properly before us under the notice of appeal, which states that this appeal is from only the parts of the order that aggrieve Federal 53. Thus, we do not consider the contentions raised in the opening brief to the extent they advance arguments on behalf of the John Doe defendant.

As to the merits, Federal 53 failed to establish as a matter of law that it did not bear any fault for the collision, and thus did not eliminate all material issues of fact. Plaintiff's photographs, which were sufficiently authenticated, present issues of fact as to whether Federal 53 negligently allowed the detached front bumper of its tow truck to protrude into the plaintiff's lane of travel in violation of 34 RCNY 4-08(k)(3), and if so, whether that negligent act was a proximate cause of the collision (see Cordova v 653 Eleventh Ave. LLC., 190 AD3d 637, 638 [1st Dept 2021]; compare Bertrand v Vingan, 249 AD2d 13, 13 [1st Dept 1998] with McLean v Ripoli, 157 AD3d 604, 605 [1st Dept 2018]).

We have considered Federal 53's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026